UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-CV-2924 (JMR/FLN)


Lynn M. Heaser                )
                              )
           v.                 )      ORDER
                              )
AllianceOne Receivables       )
Management, Inc.              )


There are two motions before the Court.  Defendant moves for
summary judgment; plaintiff asks the Court to deny an award of
attorney's fees.  Defendant's motion is granted; plaintiff's motion
is denied.

I.  Background

The facts are taken in the light most favorable to plaintiff.

AllianceOne Receivables Management, Inc. ("AllianceOne"),
hired plaintiff, Lynn M. Heaser, as a debt collector on November
10, 2005.  The following day, Heaser announced she suffered from
toxic encephalopathy, a neurological disorder which causes
cognitive problems and allergic reactions.  Heaser claims her
illness is triggered by exposure to certain chemicals and
fragrances.  As a consequence of her condition, Heaser requested
several accommodations.  AllianceOne agreed to make them.

Heaser began job training on November 14, 2005.  Her
supervisors at the training facility were notified of the special
accommodations, and employees were advised to limit or eliminate
the use of chemicals and fragrances.  During the training period,
AllianceOne took affirmative steps to improve air quality and

eliminate scented products in the workplace. Heaser was given special seating, special restroom access, and additional breaks. She was permitted to use a fan and an air purifier. Because she could not complete a full day in training, AllianceOne shortened her day and extended her training period by two weeks. She requested, and received, training materials she could review at home.

Heaser did well in training, and began work on January 4, 2006. Prior to her start date, AllianceOne gave her several days of paid leave while it prepared its facility for her arrival.

During Heaser's employment, AllianceOne continued its efforts to accommodate her needs. It implemented a voluntary scent-free policy, and trained employees about chemical allergies and avoiding chemical use in the workplace. It continued accommodations made at the training facility by furnishing her new workstation with the office furniture and equipment she had used in training. AllianceOne installed a new air flow vent above Heaser's work station, created a scent-free restroom, posted additional no smoking signs, and purchased an air purifier for Heaser's use. Heaser's workstation was carefully located to limit her exposure to other employees, especially smokers.

These accommodations notwithstanding, Heaser continued having allergic reactions. On January 30, 2006, at her doctor's insistence, and after a mere 26 days on the job, she took a 30-day medical leave of absence, from which she did not return.

2

While plaintiff was on leave, AllianceOne continued to communicate with her lawyer and her doctor in an effort to see whether additional accommodations were possible.  Heaser's doctor would not release her to work unless AllianceOne improved its air quality, instituted a mandatory fragrance free policy, or allowed her to work from home.  AllianceOne refused, and terminated Heaser when she would not return from medical leave.

Plaintiff timely filed charges of discrimination with the EEOC and the Minnesota Department of Human Rights.  Both charges were dismissed.  Shortly thereafter, plaintiff brought this action claiming defendant failed to reasonably accommodate her disability, as required under the Americans with Disabilities Act ("ADA"), the Minnesota Human Rights Act ("MHRA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act").[1]  This action was initially commenced with the assistance of counsel, but that attorney moved to withdraw after determining her case had no merit. The Honorable Franklin L. Noel, United States Magistrate Judge, granted counsel's motion to withdraw on June 3, 2008.

AllianceOne now moves for summary judgment.  Plaintiff did not respond to that motion.  Instead, she filed a motion to deny an

---

[1]Plaintiff has had prior experience with antidiscrimination laws.  She brought a similar action against a previous employer.  See Heaser v. The Toro Co., 247 F.3d 826 (8th Cir. 2001).  In the Toro case, plaintiff was represented by counsel.  Her action was dismissed on summary judgment.  The dismissal was affirmed on appeal.  247 F.3d at 828.

award of attorney's fees to defendant.   The Court finds summary
judgment is proper because plaintiff cannot establish a prima facie
case of disability discrimination.

II. <u>Analysis</u>

Summary judgment is appropriate when the evidence, viewed in
the light most favorable to the nonmoving party, presents no
genuine issue of material fact.   Fed. R. Civ. P. 56; <u>Celotex Corp.
v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby,
Inc.</u>, 477 U.S. 242, 246 (1986).   The party opposing summary
judgment may not rest upon the allegations set forth in its
pleadings, but must produce significant probative evidence
demonstrating a genuine issue for trial.   <u>See</u> <u>Anderson</u>, 477 U.S. at
248-49.

As an initial matter, the Court notes the Rehabilitation Act
does not apply to plaintiff, because she is not a federal employee,
and defendant does not receive federal financial assistance.   29
U.S.C. § 794 (2006).   Accordingly, defendant is entitled to summary
judgment on this claim.

Plaintiff, next, claims discrimination under the ADA and MHRA.
To survive summary judgment in an employment discrimination case,
plaintiff must present a prima facie case of discrimination.   <u>Kiel
v. Select Artificials, Inc.</u>, 169 F.3d 1131, 1134-35 (8th Cir. 1999)
(en banc).   One seeking to establish an ADA or MHRA prima facie
case must show "(1) that she has a disability within the meaning of

4

the ADA, (2) that she is qualified to perform the essential functions of her job, with or without reasonable accommodation, and (3) that she suffered an adverse employment action because of her disability." Heaser v. Toro Co., 247 F.3d 826, 830 (8th Cir. 2001).  An employer's failure to reasonably accommodate a known disability is discriminatory, unless the employer can demonstrate the suggested accommodation would impose an undue hardship on the operation of the business. Id.; 42 U.S.C. § 12112(b)(5)(A).

Plaintiff, as noted, did not respond to defendant's summary judgment motion, claiming she cannot oppose the motion without benefit of counsel - an assertion with which the Court disagrees. However, even assuming plaintiff can show she is disabled, she cannot show she can perform the essential functions of her job with reasonable accommodations.

Reasonable accommodations include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies." Heaser, 247 F.3d at 831, citing 42 U.S.C. § 12111(9). An employer is not required to offer all accommodations in every case. Heaser, 247 F.3d at 831.

Once an employer is notified of a legitimate need for accommodation, it "must make a reasonable effort to determine the appropriate accommodation." EEOC v. Convergys Customer Management

5

Group Inc., 491 F.3d 790, 795 (8th Cir. 2007) (internal quotation omitted).  This effort includes consulting with the individual to identify potentially effective accommodations.  Id.

The undisputed evidence in this record reflects defendant's efforts to work in good faith with plaintiff to accommodate her requests, both before plaintiff started work and when she was on medical leave.  Plaintiff admits extensive communications occurred.  Accordingly, she cannot show defendant failed to participate in the interactive process needed to determine a reasonable accommodation.

Nor can plaintiff show defendant failed to make reasonable accommodations.  During plaintiff's three months on the job, defendant made no fewer than 20 accommodations - including special equipment, a private bathroom, training other employees, a voluntary scent-free policy to discourage fragrances which might trigger her allergies, and specialized seating and scheduling to minimize plaintiff's contact with other employees.  These accommodations are more extensive than those deemed reasonable in another ADA case involving a plaintiff with chemical allergies.  Kaufmann v. GMAC Mortgage Corp., 2006 WL 1371185, *12 (E.D. Pa. May 17, 2006), aff'd, 229 Fed. Appx. 164, (3d Cir. 2007).

But defendant's efforts did not satisfy plaintiff.  She claims the company's unwillingness to provide further-improved ventilation, a mandatory scent-free workplace environment, or

permission to work from home, is unreasonable.  She is incorrect.
An accommodation is unreasonable if it results in undue financial
or administrative burdens to the employer.  Buckles v. First Data
Resources, Inc., 176 F.3d 1098, 1101 (8th Cir. 1999).  For example,
the ADA does not require an employer to create a wholly isolated
workspace for the employee.   Id.

Courts have found mandatory scent-free workplace policies
impose an undue financial and administrative burden on employers,
because they are very difficult to enforce.  See Kaufmann, 2006 WL
1371185, at *12-13; see also McDonald v. Potter, 2007 WL 2300332,
*41 - 45, (E.D. Tenn. Aug. 7, 2007), aff'd, 285 Fed. Appx. 260, 261
(6th Cir. 2008).  Unlike a dress code, enforcing a scent-free policy
requires a closer inspection than may be considered suitable in the
workplace.  See McDonald, 2007 WL2300332, *45; Hunt v. St. Peter
School, 963 F. Supp. 843, 852 (W.D. Mo. 1997).  Reasonable
accommodations do not encompass proposed solutions which would
violate the rights of other employees, Wooten v. Farmland Foods, 58
F.3d 382, 386 (8th Cir. 1995), such as restricting their right to
wear fragrances.

Plaintiff chose to join a workplace with over 200 co-workers.
Those workers sit in long rows of connected cubicles in a large
common area.  Her co-workers' rights would be intimately affected
by a mandatory scent-free policy.  The Court concludes, as did
defendant, that such a policy unduly burdens both those who must

comply with it and those obliged to enforce it.  A mandatory scent-free workplace is not a reasonable accommodation.

Similarly, plaintiff cannot show it is reasonable to allow her to work from home.  Allowing an employee to work, unsupervised, from her home may present an unreasonable administrative burden for the employer.  See Nesser v. Trans World Airlines, Inc., 160 F.3d 442, 446 (8th Cir. 1998); see also Jones v. Indiana Civil Rights Comm'n, 2006 WL 753116, *3 (S.D. Ind. March 17, 2006) (unpublished).  Here, defendant has presented uncontroverted evidence showing this to be true.  Plaintiff's job required telephone calls to debtors, an activity which must be done carefully in order to comply with stringent federal and state laws. Plaintiff cannot point to any other employees who have been permitted to work from home, or show that remote access to defendant's system is feasible, or that defendant has allowed this in the past.  Indeed, defendant has never allowed its collectors to work from home, in part because their calls must be monitored and supervised.  Collectors also have access to client data, which is kept secure and private through the use of proprietary software. AllianceOne offers uncontradicted evidence that remote access is not practicable.  If the Court were to order AllianceOne to provide plaintiff remote access to its computer system and work from home unsupervised, it would necessarily compel defendant to change the way it does business.  This is more than is required by the ADA or

8

MHRA.  See Heaser, 247 F.3d at 832.

Accordingly, the Court finds plaintiff has failed to demonstrate defendant's failure to make reasonable accommodations for her disability.  This means she has failed to demonstrate a prima facie case of disability discrimination.  Summary judgment must be granted in favor of defendant.

Defendant asks the Court for an award of reasonable attorney's fees which it estimates to be $10,000.  Two days prior to the hearing, plaintiff filed a motion asking the Court to deny defendant attorney's fees.  The Court now considers whether attorney's fees are appropriate.

Plaintiff brought a virtually identical case against her prior employer - a case she lost both in the District Court and in the Court of Appeals, and which now binds this Court as precedent. Plaintiff's counsel in this matter withdrew after recognizing her claim had no merit.  Counsel's application to withdraw was approved by Magistrate Judge Noel.  At oral argument, defense counsel represented that, after plaintiff's counsel withdrew, plaintiff was given an opportunity to withdraw her complaint.  She refused to do so.  Defendant was then obliged to move for summary judgment, a motion which plaintiff chose not to oppose.

The Court is mindful of plaintiff's limited financial resources.  However, the Court finds plaintiff had no reasonable basis to continue this action when offered an opportunity to

withdraw her claim.   Under these circumstances, an award of attorney's fees is justified.   The Court finds it appropriate to assess fees in the sum of $5,000 against her in this matter.

III. <u>Conclusion</u>

For the foregoing reasons, defendant's motion [Docket No. 33] is granted, and plaintiff's motion [Docket No. 43] is denied. Plaintiff shall pay defendant's attorney's fees in the amount of $5,000.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 27, 2009


<u>s/ James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States District Judge